William **HIBBS**, Plaintiff—Appellant,

v.

**DEPARTMENT OF HUMAN RESOURCES; Charlotte Crawford; Nikki Firpo, Defendants—Appellees.**

No. 04–17391.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 19, 2005.

Decided Nov. 2, 2005.

---

Robert R. Hager, Esq, Treva J. Hearne, Esq., Law Offices of Hager and Hearne, Reno, NV, for Plaintiff–Appellant.

Charles Hilsabeck, Esq., AGNV–Office of the Nevada Attorney General, Reno, NV, for Defendants–Appellees.

Before: BEEZER and KOZINSKI, Circuit Judges, and CARNEY,* District Judge.

## MEMORANDUM **

1. Under the Family and Medical Leave Act of 1993 (FMLA), Pub.L. No. 103–3, 107 Stat. 6 (codified at 29 U.S.C. §§ 2601–2654), defendants were entitled to "require the[ir] employee[s] to substitute any of the accrued paid vacation leave, personal leave, or family leave of the employee for [FMLA leave] for any part of the 12–week period of such leave." 29 U.S.C. § 2612(d)(2)(A). Hibbs received sufficient notice that his paid Catastrophic Leave was being substituted for his FMLA leave. He does not dispute receiving two such notices, both of which were nearly identical to the notice recommended by the federal regulations. *See* 29 C.F.R. § 825

app. D ("Prototype Notice: Employer Response to Employee Request for Family and Medical Leave").

In any event, inadequate notice of the FMLA provisions would not, by itself, entitle Hibbs to additional leave. *See Ragsdale v. Wolverine World Wide, Inc.,* 535 U.S. 81, 90—91, 122 S.Ct. 1155, 152 L.Ed.2d 167 (2002). The protections of the FMLA—entitling an employee to return to his job as if he had never left, with equivalent pay, benefits and other terms of employment—do not survive the expiration of the twelve-week FMLA period. *See* 29 U.S.C. §§ 2612(a)(1), 2614(a)(1). Hibbs received in excess of five months of leave, far more than the full substantive benefit of the FMLA. When he was notified that his leave had expired, he still did not return to work. When Hibbs was eventually fired two months after being informed that his leave had expired, he had long since departed the protections of the FMLA.

2. Hibbs has not demonstrated that he could have done anything differently to obtain additional leave, even if he had been better informed. *See Ragsdale,* 535 U.S. at 91, 122 S.Ct. 1155. Applying for Catastrophic Leave first, and delaying his application for FMLA leave until after his Catastrophic Leave expired, would still have alerted his employer to the FMLA-triggering event. His employer could then have required him to count his Catastrophic Leave as part of his FMLA leave. Thus, neither type of leave would have expired any later than it did. Hibbs has not pointed to any other type of leave for which he could have applied that would have resulted in a different outcome.

---

* The Honorable Cormac J. Carney, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

3. Hibbs has not demonstrated that either state law or the FMLA entitled him to an extension of his leave period while he awaited an accounting of his leave. Nor has Hibbs presented any evidence to support his contention that he was fired in retaliation for taking FMLA leave. *See* 29 U.S.C. § 2615(a)(1); *Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1122–25 (9th Cir.2001).

AFFIRMED.